# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEVIN E. ANDERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20CV195 NCC ) |
| ANDREW M. SAUL, Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Kevin Anderson's ("Plaintiff") *pro se* motion to proceed in forma pauperis (Doc. 2). Upon consideration of the financial information provided with the application, the Court finds that Plaintiff is financially unable to pay any portion of the filing fee. Therefore, Plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Furthermore, upon review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a claim must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679. When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true and liberally construes the allegations.

**Discussion**

On February 3, 2020, Plaintiff filed a *pro se* Complaint for Judicial Review of Decision of the Commissioner of Social Security. While Plaintiff filed this action on the Court-provided form, the information provided by Plaintiff in the complaint is almost entirely illegible. It appears, however, that Plaintiff alleges that he seeks review of a decision of the Commissioner of Social Security. Plaintiff states that he became entitled to receive disability benefits because of his paranoid schizophrenia, a disability which began on "81/2." He further alleges that his application for benefits was denied, that he had a hearing, and the Administrative Law Judge denied his claim. Plaintiff does not indicate whether he requested review from the Appeals Council and he does not attach a copy the Appeal Council's Letter denying review as directed on the form. Attached to his Complaint, Plaintiff provides the Court with a variety of documentation. Of note, Plaintiff appears to receive disability benefits and survivor's benefits. Plaintiff also provides the Court with multiple letters dating back to June 8, 2003 regarding an overpayment issue. Most recently, Plaintiff received the following letters of note: a September 24, 2019 Notice of Award regarding his entitlement to monthly child survivor benefits, a September 24, 2019 Notice of Change in Benefits indicating his remaining overpayment balance and his monthly disability benefit entitlement, and a December 26, 2019 letter dismissing Plaintiff's request for reconsideration regarding the overpayment and noting that the issue had previously been determined on September 24, 2012 (Doc. 1-3 at 5, 11, 14). The precise contours of Plaintiff's claim are unclear despite this additional documentation. Regardless, even if Plaintiff is challenging a benefit determination or an

overpayment issue, there is no indication that Plaintiff has exhausted his administrative remedies, a prerequisite to seeking judicial review of the denial of social security benefits. *See* 42 U.S.C. §§ 405(g), 1381(c)(3).[1]

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this memorandum and order.

Dated this 14th Day of February, 2020.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Plaintiff has filed three prior lawsuits against the Social Security Administration. All three cases have been dismissed as frivolous. *See Anderson v. SSI Administration*, No. 4:18-CV-709 NCC (E.D. Mo., filed May 4, 2018); *Anderson v. Soc. Sec. Administration*, No. 4:04-CV-994 FRB (E.D. Mo., filed Aug. 9, 2004); *Anderson v. Soc. Sec. Administration*, No. 4:98-CV-797 CAS (E.D. Mo., filed Dec. 9, 1998).